In the Matter of THOMAS J. WATERS & SONS, INC.

Supreme Court, Special Term, New York County, November 26, 1937.

*Regan & Barrett,* for the petitioner.

*Daniel A. Shirk,* for the respondent.

STEUER, J. These petitions seek the cancellation of two notices of mechanics' liens heretofore filed against the amount to become due to the petitioner, a contractor, in connection with a public improvement. The petitions are made pursuant to subdivision 7 of section 21 of the Lien Law, on the ground that what is sought is not lienable, as appears from the face of the notice. The notice of lien alleges the sale of materials to the contractor, and the price and payments made thereon, and concludes with this statement: " That each of the aforesaid sums represent the sales taxes due on said respective dates under the aforesaid local laws for sand, gravel and cement delivered during the three calendar months preceding said respective dates." Concededly, taxes are not mentioned in the Lien Law as one of the items for which a lien may be imposed. Respondent claims the right to file the lien by virtue of Local Law No. 24 (published as No. 25, p. 164 of the Local Laws of 1934), which enacted what is familiarly called the sales tax. The local law contains the following provision: " And the vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale." (§ 2, p. 167.)

As the sale of the materials was undoubtedly a proper subject of lien, according to the statute, the tax would also be a proper subject. The sole question remaining is whether the local legislature had the power to enlarge the Lien Law to the extent necessary to accomplish this purpose. The authority of the local legislature was derived from chapter 873 of the Laws of 1934, which provided that the city should have the power, " to adopt and amend local laws imposing in any such city any tax and/or taxes which the Legislature has or would have power and authority to impose * * * and make provision for the collection thereof by the chief fiscal officer of any such city." (§ 1.)

It will be seen from the foregoing that the Legislature of the State gave to the local legislature any power that the State Legislature had to impose a tax, but the wide grant was not extended to the collection of that tax. It must be concluded, therefore,

that, no authority being given to amend or extend the application of the Lien Law, the enactment of the local legislature does not bring about that effect. Liens are consequently invalid upon their face, and the motion to discharge them is granted.